UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:11-CV-10099-JLK

SUSAN MILLER, on Behalf of Herself and
All Others Similarly Situated,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.
_____/

## **FINAL ORDER OF DISMISSAL WITH PREJUDICE**

THIS CAUSE comes before the Court on Defendant Delta Air Lines, Inc.'s ("Delta") Motion to Dismiss Complaint [DE #18], filed January 27, 2012. The Court is fully briefed on the matter and proceeds with the benefit of oral argument.[1] For the reasons explained more fully below, Defendant's Motion is granted and the case is dismissed accordingly.

### I.    BACKGROUND

Plaintiff Susan Miller initiated this action against Delta on December 2, 2011 for damages and declaratory relief resulting from her baggage being delayed on a Delta flight from Miami to Las Vegas on November 15, 2010. Compl. [DE #1], at ¶ 7. Plaintiff's Complaint alleges Delta has a contract with all its passengers to reimburse them up to $3,300 for expenses if their bags are delayed. *Id.* at ¶ 2.[2] Plaintiff alleges she paid "over $315.00 for replacement

---

[1] Plaintiff filed an Opposition to the Motion to Dismiss on March 5, 2102 [DE #27] and Defendant replied on March 9, 2012 [DE #29]. The Court heard oral argument on the Motion on March 12, 2012.

[2] The Contract of Carriage is set forth in each passenger's ticket. A copy of the "Conditions of Carriage" applicable to Plaintiff's flight on November 15, 2010 is attached as Exhibit 1 to the Motion to Dismiss [DE #18] and is

toiletries, medication, and other items in her suitcase, as well as transportation to and from the airport in an attempt to locate them." *Id.* at ¶ 7. Plaintiff further alleges she advised a Delta representative in Las Vegas that her baggage was delayed, but was told that "nothing could be done to assist her." *Id.* Finally, on December 5, 2010, Plaintiff alleges she made a claim with Delta that was "rejected and/or ignored." *Id.*

Based on these facts, Plaintiff seeks declaratory relief, damages, attorneys' fees, and class action damages in three counts: Count I for Breach of Contract, Count II for Assumpsit, Unjust Enrichment and Declaratory Relief, and Count III for Violation of State Consumer Protection Laws, including the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201. *et. seq.*

On January 27, 2012, Delta filed a Motion to Dismiss all three counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 7.1 of this Court. [DE #18]. The Court heard oral argument on the motions on March 12, 2012. [*See* DE #30].

## II. DISCUSSION

When evaluating a Rule 12(b)(6) motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1289 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (U.S. 2007)).

Defendant Delta seeks dismissal of Plaintiff's claims under Rule 12(b)(6) for failure to plead sufficient facts to bring each of the three counts into the realm of plausibility. Defendant also contests Plaintiff's standing to represent putative class members. Since the Court is

---

incorporated by reference into Plaintiff's Complaint. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed.").

2

persuaded that Plaintiff's claims are preempted by the federal Airline Deregulation Act ("ADA"), 49 U.S.C. §40101 *et seq.*, and barred under the one-year statute of limitations contained in the Contract of Carriage, it need not reach the sufficiency of Plaintiff's factual allegations nor Plaintiff's request for class certification.

### A.    ADA Preemption

With respect to Counts I–III, Defendant argues Plaintiff's claims are preempted by the ADA because they impermissibly attempt to regulate the "services" of an airline, specifically, the way Delta handles checked baggage and passenger claims related to checked baggage. The Court agrees.

The ADA's preemption clause reads in relevant part: [N]o State . . . shall "enact or enforce a law, rule, regulation, standard, or other provision having the force and effect of law relating to price, route, or *service* of an air carrier . . . ." 49 U.S.C. § 41713(b)(1) (emphasis added). The Eleventh Circuit has instructed the clause "is properly afforded an extremely broad scope," *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1257 (11th Cir. 2003), and has specifically held that "baggage handling" is part of an airline's "services" for purposes of ADA preemption. *Koutsouradis v. Delta Air Lines, Inc.*, 427 F.3d 1339, 1343, 1344 (11th Cir. 2005). *See also Morales v. Trans. World Airlines, Inc.*, 504 U.S. 374, 383–84 (2008 holding ADA's preemption clause was "deliberately expansive" and of "broad scope"); *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) (holding Illinois Consumer Fraud Act could not be applied to regulate changes to the America Airlines frequent flyer program).[3]

---

[3] In *Wolens*, the Court carved out a narrow exception for the enforcement of "routine" contract claims based on the airline's "self-imposed undertakings." 513 U.S. at 232–33. Although the Supreme Court concluded that the ICFA was preempted by the ADA because it was "a means to guide and police the marketing practices of airlines," it also held that the Deregulation Act was *not* intended to preempt contract claims, which "seek [ ] recovery solely for the airline's alleged breach of *its own, self-imposed undertakings.*" *Id.* at 227–28 (emphasis added).

3

In *Hodges v. Delta Air Lines, Inc.*, the Fifth Circuit reasoned that because the term "'services' generally represent[s] a bargained-for or anticipated provision of labor from one party to another," the term, as used in the ADA, includes "items such as ticketing, boarding procedures, provision of food and drink, and baggage handling, in addition to the transportation itself." 44 F.3d 334, 336 (5th Cir. 1995) (*en banc*). The Eleventh Circuit adopted this definition in *Branche*, *supra* at 1256–57. This Court will follow *Hodges* and the majority of circuit precedent in adopting a broad definition of "service" as it is used in the ADA preemption clause.

Plaintiff maintains that her claims have little to do with "services" provided by Delta after ticket purchase, and instead arise from Delta's failure to inform customers of their right to reimbursement of up to $3,300 for lost, damaged or delayed baggage. *See* Compl. [DE #1], at Intro., ¶¶ 2, 3, 13, 19. Specifically, Plaintiff suggests that Delta misleads passengers into believing that they are entitled only to $25 to $50 per day in reimbursed expenses. *Id.* at Intro., ¶¶ 2, 14, 19. Plaintiff does not allege that she was ever told of such a per day limit. Instead, Plaintiff alleges Delta should post clearer and more prominent signs explaining a passenger's right to up to $3,300 in reimbursement for expenses incurred due to lost, damaged or delayed luggage. *Id.* at ¶ 3. Plaintiff acknowledges that the alleged right to reimbursement is contained in the Contract of Carriage, which is pursuant to a Department of Transportation regulation, 14 CFR Part 254, and is on posted signs at airports. *Id.* at ¶¶ 2, 3, 13 & Ex. 1.

Based on these factual allegations, Plaintiff argues her claims survive under the *Wolens* exception for "court enforcement of contract terms set by the parties themselves." 513 U.S. at 222. The Court does not find this argument persuasive. The *Wolens* court itself explained that the limited exception only applies where "an airline itself dishonored a term the airline itself stipulated." *Id.* at 232–33. Here, Plaintiff seeks to pursue claims that go far beyond the

obligations stipulated to by Delta in the Contract of Carriage. The Contract of Carriage does not, for example, impose upon Delta any undertaking as to the type or size of signage that must be posted in airports or what information will be provided to a passenger whose baggage in delayed. Plaintiff's claims clearly rest on allegations that "relate to the heart of services that an airline provides." *Koutsouradis*, 427 F.3d at 1344 n.2. Permitting this claim to move forward as plead would thus impermissibly sanction regulation of the manner in which the airline advertise their reimbursement services and would interfere with the provision of baggage handling services to their passengers, thereby offending the stated purpose of the Deregulation Act.

Accordingly, Counts I, II and III of Plaintiff's claim are preempted.

**B.     One-year Limitation of Action in the Contract of Carriage**

In addition to being preempted, Defendant argues Plaintiff's claims are untimely and should be dismissed because this action was not filed within one year from the occurrence as required in the Contract of Carriage.

It is well settled that "when a written contract requires notice as a condition precedent to maintaining suit, that condition must be met absent a valid excuse." *S. Broad. Group, LLC v. Gem Broad., Inc.*, 145 F. Supp. 2d 1316, 1325 (M.D. Fla. 2001) (citing *Eglin Village v. Barnett Nat'l Bank*, 86 So.2d 271, 272 (Fla.1956)). *See also Lenbro Holding, Inc. v. Falic*, 2011 WL 4706194, at *1–2 (S.D. Fla. Oct. 4, 2011) (dismissing a breach of contract claim based in part on "insufficient factual allegations to refute" a statute of limitations defense). The Contract of Carriage applicable to Plaintiff's claims here provides in pertinent part:

> No action shall be maintained for any loss of, or damage to, or any delay in the delivery of baggage arising out of or in connection with transportation of, or failure to transport any passenger or baggage unless notice of a claim is presented to an office of Delta within 24 hours after the alleged occurrence of the events giving rise to the claim, and unless the action is *commenced within one year after such alleged occurrence*.

5

Contract of Carriage [DE #18–1], at Rule 190(I)(7) (emphasis added).

As alleged, Plaintiff flew and her baggage was delayed on November 15, 2010. Compl. [DE #1], at ¶ 7. Plaintiff filed the instant lawsuit on December 2, 2011 – more than one year after the alleged occurrence. Plaintiff attempts to avoid the one-year contractual limitation by arguing that the five-year statute of limitation under Florida law applies. *See* Resp. [DE #27], at 7. This argument is without merit.

The time for filing suit under Delta's Contract of Carriage is specifically authorized by law and DOT regulations. 14 C.F.R. § 253.5(b)(2) (2009). The case law is clear that Section 95.03 of the Florida Statutes does *not* apply to extend statutes of limitation set forth in federally regulated contracts or transactions. *See Life Sciences, Inc. v. Emery Air Freight Corp.*, 341 So. 2d 272, 272–73 (Fla. 2d DCA 1977).[4] *See also, e.g., Arrow Beef Corp. v. S. Atl. & Caribbean Lines, Inc.*, 280 So. 2d 43, 44 (Fla. 3d DCA 1973) (finding a one-year limitation of action in bill of lading subject to COGSA enforceable "notwithstanding the provisions of § 95.03, Fla. Stat"); *J.B. Effenson Co. v. Three Bays Corp.*, 238 F.2d 611, 616 (5th Cir. 1956) (holding a one-year limitation valid in contract incorporating COGSA despite § 95.03, Fla. Stat.). Plaintiff cannot use Florida law to expand Delta's undertaking in the Contract of Carriage by exposing it to claims made within five years, rather than the one-year expressly provided in the Contract of Carriage.

---

[4] In *Life Sciences*, the Florida court of appeal rejected the precise argument Plaintiff makes here and held that Fla. Stat. § 95.03 did not invalidate a one-year statute of limitation in an air freight contract of carriage subject to the Federal Aviation Act of 1958, the precursor of the ADA. The carrier's tariff, incorporated in the contract of carriage, provided that the carrier would not be liable in any action "unless such action is brought within one (1) year" after the carrier denied a party's damage claim. The action in *Life Sciences* was filed more than a year after the carrier denied the claim, but within the Florida statute of limitations for breach of contract claims. The court of appeal held that the claim was barred by the one-year limitation in the contract of carriage and specifically stated that "the provisions of Section 95.03, Florida Statutes (1971), which prohibit the contractual shortening of statutory limitation periods, have no effect upon [the contract of carriage] because the regulation of shipments of goods in interstate commerce has been preempted by federal authority." *Id.* at 272-73.

6

### III. CONCLUSION

Accordingly, after a careful review of the record, consideration of the argument of counsel, and being otherwise fully advised, it is

**ORDERED, ADJUDGED** and **DECREED** that:

1) Defendant's Motion to Dismiss [DE #18] be, and the same, is hereby **GRANTED** and the case is dismissed accordingly.

2) All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

3) This case is **CLOSED**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 5 day of April, 2012.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All counsel of record